## Polly Shook v. Oliver A. Proctor and others.

*Equity pleading and practice: Answer: Implied admissions: Burden of proof.*
This case is held to be within the principle of *Shook v. Proctor, supra p. 349,* upon the question of the burden of proof of want of title under a bill to set aside a deed of lands procured in exchange for other lands upon false and fraudulent representations of title to the lands received in exchange, notwithstanding the answer in this case is less open than that in the other to the implication of an admission of want of title.

*Heard May 13 and 14. Decided July 11.*

Appeal in Chancery from Branch Circuit.

*Shipman & Loveridge* and *L. T. N. Wilson,* for complainant.

*Bowen & McGowan* and *C. I. Walker,* for defendants.

CHRISTIANCY, CH. J.

This case is closely related, and bears a strong family likeness to the case of Robert Shook and wife against some of the same defendants, which has just been disposed of.— *Supra p. 349.* It relates to a trade the complainant was induced to make of her farm in Branch county for a pretended conveyance of Iowa lands by Oliver A. Proctor, who in the other case stood in the background, and from whom, like a mirage, the illusory vision of title there loomed up, but who here comes to the front in his own proper person, long enough to execute the deed directly to the complainant, and then and finally disappears, leaving Edwin D. Lyon and William H. Proctor, among others, as the principal actors to work out the drama as best they might, aided possibly by such suggestions of plot and counterplot as his own genius may have contributed to inspire.

Complainant was the wife of Jacob Shook, and the mother of Robert Shook (one of complainants in the other case), and sets forth in her bill, in substance, that, on the

27 MICH.—48.

10th January, 1869, she was the owner of a farm of one
hundred and seventeen acres of land in Branch county, and
living with her husband upon the land, being their home
farm, but 'her own separate property; that shortly before
that time, Edwin D. Lyon and William H. Proctor com-
menced to importune her husband, Jacob Shook, to trade
her farm for certain lands in Buena Vista county, Iowa,
which they represented belonged to Oliver A. Proctor
(which are described in the bill), said Jacob Shook to put
in three hundred and twenty acres which he owned in
Missouri (described), and forty acres of land in Branch
county; the said Proctor and Lyon to pay one thousand
five hundred dollars to boot; that said Proctor and Lyon,
to induce her and her husband to trade, represented that
said Oliver A. had a good title to the Iowa lands, and
owned them in fee; and to win the confidence of complain-
ant and her husband, and induce them to rely upon the
title of said Oliver A. without examination, they produced
and showed a paper purporting to be a certificate of some
officer who had charge of the records of deeds in the county
of Buena Vista, Iowa, of which certificate she is unable to give
the particulars; that complainant and her husband were igno-
rant of the title, and depended upon the representations of
said Proctor and Lyon, as they well knew; and that rely-
ing with confidence upon their representations, she and her
husband were induced to make the trade; and to carry it
out, she conveyed by warranty deed (her husband joining)
her Branch county farm to Benjamin Cowell, the deed being
made to Cowell, as she alleges, at the request and by the
procurement of said William H. Proctor and Lyon, her
husband at the same time conveying to Oliver A. Proctor
the land in the state of Missouri and the said forty acres
in Branch county; that said William H. Proctor and Lyon
paid over to her at the time one thousand five hundred dol-
lars in cash and notes of Benjamin Cowell, since paid, and
delivered to her a deed purporting to be executed by said
Oliver A., and to be dated May 1st, 1869, with full cove-

nants of warranty, and purporting to convey said Iowa land; that the reason why, as she understood, her deed was made to Benjamin Cowell, was, that said William H. Proc-tor and Lyon wished to borrow of him said one thousand five hundred dollars boot money, and to secure him, were to let the deed run direct to him instead of giving a mort-gage for that purpose.

And she charges that the land is held by Cowell only as security; that there is no deed on record from said Cowell conveying said premises to any one; that Cowell took possession of the farm on the execution of the deed, and that a tenant of the defendants is now in possession; that said Cowell, Lyon, and the Proctors, have had the rents and profits, which she alleges were worth four hundred dollars per year, which they ought to account for. She then alleges that she has since discovered that said Oliver A. Proctor had no title to said Iowa lands, and that she obtained none by his conveyance; charges that the paper shown to her by the said Proctor and Lyon, purporting to be a certificate showing title in Oliver A. Proctor, was got up by the Proctors, or by them and said Lyon together, to deceive people with and to cheat them out of their property; that the Proctors, as well as the said Lyon, knew that Oliver A. had no title when the trade was made; that all the representations made as aforesaid by said Proctor and Lyon were false, and that she was thus induced to convey away her farm by fraud; that Cowell had notice of the fraud and is not a *bona fide* purchaser; that the Missouri land which was conveyed by her husband to said Oliver A. had been sold and placed beyond her husband's reach; and her husband claims that in equity the said one thousand five hundred dollars should be paid over to him and not to said Oliver A., the latter being a non-resident of the state, insolvent and irresponsible; prays for an answer with-out oath; that Cowell may be enjoined from selling, etc.; that the deed from her to said Cowell may be decreed void, and that the premises belong and should be conveyed to

her; asks for an account of rents and profits, she offering to reconvey to said Oliver A. all the interest it may be claimed that she acquired in the Iowa lands; and she brings into court the one thousand five hundred dollars as aforesaid received by her, to be paid over to such of the parties as the court may decree; and for other and further relief, etc.

The defendants, William H. Proctor, Edwin D. Lyon and Benjamin Cowell, answer the bill, admitting that complainant was the owner of the Branch county farm, May 10th, 1869, and lived with her husband, Jacob Shook, who acted as agent of complainant in reference to the trade made of that farm for the Iowa lands; but denying that said William H. Proctor and Lyon importuned or endeavored to persuade said Jacob or complainant to trade said farm for Iowa lands, which they claimed belonged to said Oliver A. Proctor, or that they represented that Oliver A. Proctor had a good title to said Iowa land; insisting that they made no advances to complainant or her husband in regard to such trade, at any time, but that said Lyon actually advised said Jacob Shook against trading the farm for said Iowa lands and going west; but that said Jacob was anxious for the trade; that he inquired of him (said Lyon) about lands in his hands belonging to said Oliver A., and that Lyon informed him he would see said Oliver A. in a few days and let him (Shook) know what said Oliver would do in regard to a trade for the farm; and that, after seeing said Oliver, he saw said Shook and showed him a paper which said Oliver gave him in regard to the title of the Iowa lands, purporting to be a certificate of the register of Buena Vista county, Iowa, which said Lyon then and now believes to have been a genuine certificate, which he is ready, willing and anxious to produce in evidence; that Lyon informed Shook that he knew nothing of the land in Iowa, or of the title to the same, and advised him to go west and examine the title and take no person's statements; that he (said Shook) must depend entirely upon his own

judgment, and not upon him (said Lyon), as he knew nothing of said lands and could tell him only what said Proctor had told him.

Defendants allege and insist that the said trade was with said Oliver A. Proctor, and not with defendants, Lyon and William H. Proctor, or either of them; that Lyon knew nothing about the making of the trade, and neither he nor William H. Proctor had any interest in it whatever, direct or indirect; and did not advise or express his opinion to induce Shook to make the trade; that said William H. Proctor had no interest in said Iowa lands; that the same belonged to said Oliver A., and not to said William H.; that said William H. Proctor made no statement in regard to said Iowa lands or the title. William H. Proctor denies that he showed said Shook or · complainant said paper purporting to be a certificate, etc., and says he had nothing to do with the trade.

Defendants admit that the trade was made with Oliver A. Proctor substantially on the same terms as the bill states it to have been made with said William H. Proctor and said Lyon; that complainant conveyed the Branch county farm to said Cowell, and that Jacob Shook gave to said Oliver A. and to said Lyon, a deed of forty acres of land in Branch county, as described in the bill, but say he had no title to it; they also admit that Jacob Shook made to Oliver A. Proctor the conveyance of the Missouri lands. mentioned in the bill; allege that the Branch county forty acres was conveyed to said Oliver A. and said Lyon for the reason that said Oliver A. was about to leave the state and proposed, if Lyon would take half the same and redeem the taxes and keep up the same and make a good sale of it, he would give him half for his services; but that Shook had no interest or title, and it was worthless.

They deny that said William H. Proctor and said Lyon paid the one thousand five hundred dollars to said complainant, but say and insist that Cowell paid it, and took the deed of the farm because he was the purchaser in fact;.

deny that said Proctor and Lyon borrowed said one thousand five hundred dollars, or that the deed was executed to Cowell as security, at all, or that there was any agreement to that effect. They allege, and said Cowell insists, that he, Cowell, took possession, as charged in said bill, but not as tenant of said Proctor and Lyon, "but as a *bona fide* purchaser for a valuable consideration as stated in said deed; and said Cowell further answering says he is a *bona fide* purchaser in good faith and for a valuable consideration, of said premises in complainant's bill of complaint described." (This is the entire allegation as to his being a *bona fide* purchaser.) The defendants say they are unable to state any thing in regard to the title of said Oliver A. Proctor to said Iowa lands, nor can they or either of them say that the paper shown to said Shook purporting to be a certificate of some officer in Buena Vista county, Iowa, was genuine or not; but they positively deny that they had any thing to do in getting up said paper, nor do they know any thing as to who did get up said paper, but they believe it to have been all right, and deny that in any respect they did any thing to deceive said Shook or said complainant.

The original bill was filed July 26, 1870. On the 27th of November, 1871, a sworn petition was filed on the part of complainant for leave to file a supplemental bill, which was granted. This supplemental bill sets forth that complainant has lately discovered that one Wesley Cowell now claims to have some interest in the premises described in the deed to Benjamin Cowell, under a pretended deed from said Benjamin to him, purporting to have been executed, acknowledged and delivered May 15th, 1870, and which was filed for record in the register's office on the 13th of August, 1870, and recorded, etc.

But complainant charges that the whole thing is a fraud upon her, got up by defendants to place the title to the premises beyond her reach. [And we may as well say here that we are satisfied from the evidence that this charge is correct, and that this deed, though appearing to

have been executed and acknowledged on the 15th of March, 1870, was not, in fact, executed and acknowledged until the day, or about the day, of its being filed for record, and long after the filing of the bill.]

She further charges that said Wesley is a brother of said Benjamin Cowell (which is admitted) and knew, or had good reason to know, of the means by which her deed of said farm had been obtained; that he paid no value for the premises, though there may have been a nominal shifting of property to keep up appearances; that he is not a *bona fide* purchaser of the premises, etc.; that defendants are all together in this matter of obtaining property on the pretense of such western lands, etc.; that said Wesley Cowell *also gave back an instrument in the form of a mortgage* of the same date, to said Benjamin, of the lands so pretended to be purchased, pretending to secure one thousand four hundred dollars purchase money, to become due by instalments as described; but that said Benjamin well knew how the premises were obtained from her by his brother-in-law and Proctor, and had full notice, etc.; that the amount named in said mortgage represents rather his share in the property thus fraudulently obtained, than purchase money; that said mortgage and deed were made to entangle the title, and as a fraud upon her rights; prays that this deed and mortgage may be declared void as against her.

The defendants, Benjamin and Wesley Cowell, answer, insisting upon the validity of the deed and mortgage mentioned in the supplemental bill, insisting that both were executed in good faith and for a valuable consideration, denying all notice of any fraud upon the complainant, and claiming that said Benjamin first, and said Wesley from him, were *bona fide* purchasers for a valuable consideration, and that said Benjamin holds said mortgage in good faith and for a balance of the purchase money, etc.

The circuit court, upon a hearing on pleadings and proofs, found all the material facts stated in the original and supplemental bill, and necessary to sustain the complainant's

case, to be true; that complainant was induced to make her deed of the Branch county farm by the fraud of the defendants William H. Proctor and Edwin D. Lyon, and that neither Benjamin Cowell nor Wesley Cowell was a *bona fide* purchaser, and that the deed from Benjamin to Wesley Cowell, and the mortgage given back, were in fraud of complainant; and made a decree granting substantially the relief prayed for by the bill.

We have examined the pleadings and the evidence in the case with much care, and an anxious desire to reach, if possible, the truth of the case. The evidence is very conflicting, and if it depended upon the number of witnesses to material facts, or the mere force of unqualified assertion, we should be compelled to find in favor of the defendants. We do not intend to enter upon a full discussion of it here; but considering the nature of the case, with all its surroundings, and the interests and motives of the parties, we· cannot resist the belief that much of the testimony on the part of the defense, to facts most material to the case, is greatly overstated, if not in some instances entirely invented, to meet the exigencies of the defense. The effort which is clearly manifest on the part of some of the defendants, and some other witnesses in their behalf, to make their testimony very pointed and strong, and to establish the defense beyond all question, has had the opposite tendency upon our minds, by rendering it unnatural and impossible.

Upon the whole case, we think the conclusions arrived at by the circuit judge were correct.

Upon the question of the burden of proof of want of title to the Iowa lands, it is proper to say, that the answer in the present case is slightly different from that in the Robert Shook case, as it is not quite so open to an implied admission of the want of title; while it nowhere asserts or insists that the title of Oliver A. Proctor was good, the substance of the answer is, that they knew nothing of the title. In all other respects, so far as they bear upon this question of

proof of want of title, the case falls clearly within the principles discussed in that case, and all the considerations there mentioned apply equally to this.   Even Edwin D. Lyon will not swear, when asked the direct question, that he believed at the time of the trade, that Oliver A. Proctor had a good title.   Practically it seems not to be disputed, but virtually admitted by the defendants themselves, that this Oliver A. Proctor was a cheat and a swindler.   The very certificate which he is said to have furnished Lyon, of his title, is, when carefully examined with reference to the circumstances, suspicious of fraud; and, so far from being calculated to support the idea of a title, tends with considerable force to show there was none, and that it was got up for the purpose of defrauding the inexperienced and unsuspecting.   And considering the whole conduct of the defendants, the overstrained efforts to show, not only that they did not induce Jacob Shook to trade, or make any representations that the title was good, but that they advised and even implored him not to trade, nor to trust to the title without examination, show that practically they did not claim there was a title.   But this and the other considerations stated in the case of Robert Shook, which are equally applicable here, tend strongly to show that they knew, or had good reason to believe there was none, and practically admitted the fact.   We think, therefore, the evidence was such as to establish a *prima facie* case of want of title in Proctor, and that it devolved upon the defendants to show such title, if it existed; and this they have utterly failed to do or to attempt, except by the suspicious certificate already alluded to, which, in our view, is of itself strong evidence against the existence of such title.   But in addition to this the complainant has affirmatively shown, by a certificate of the commissioner of the land office, that, as to eighty acres of the land at least, Proctor had no title, and that this part of the land had been purchased at the land office by another person in March, 1869, and patented August 20, 1869.

27 MICH.—49.

Upon the whole case, therefore, we think the decree of the circuit court in chancery should be affirmed, with costs in both courts, to complainant.

The other Justices concurred.